# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LAMONTE CAMEL,<br><br>Petitioner,<br><br>v.<br><br>STUART SHERMAN,<br><br>Respondent. | No. 2:18-cv-01560-TLN-EFB<br><br>**ORDER** |

Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 31, 2019, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 16.) On August 7, 2019, Petitioner filed his Objections to Findings and Recommendations. (ECF No. 17.)

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United*

1

*States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

In his Objections to Findings and Recommendations (ECF No. 17), Petitioner objects to the frequent references made to the appellate court decision pertaining to his claims (*id.* at 11), renews his claim of ineffective assistance of counsel (*id.* at 23), requests further review of the sealed records that were submitted to obtain the wiretap (*id.* at 31–32) and contends his case should be analyzed under the same framework as a capital case because his sentence of life without the possibility of parole is equivalent to an "alternative death sentence" (*id.* at 37–39). Finally, Petitioner requests the Court grant a certificate of appealability if it adopts the Findings and Recommendations. (*Id*. at 41–42.) For the reasons discussed herein, Petitioner's objections are overruled and his request to be issued a certificate of appealability is DENIED.

A. Petitioner's Objections

Petitioner first objects to the Findings and Recommendations' inclusion of long cut-and-paste portions of the state appellate court opinion pertaining to the same issues raised in the instant case. (*Id.* at 11.) The Court notes the arguments in Petitioner's forty-five-page Objections to Findings and Recommendations are verbatim copies of the arguments asserted in his Traverse (ECF No. 13), which in turn copies many of the arguments (also verbatim) asserted in the Petition (ECF No. 1). Furthermore, these are the same arguments Petitioner asserted before the state appellate court and California Supreme Court. Accordingly, to the extent Petitioner suggests the Findings and Recommendations do not adequately address his arguments because they largely cite, *with approval*, the parts of the appellate court's analysis pertaining to identical issues, Petitioner's objections are overruled.

Petitioner next objects that the magistrate judge failed to discuss Petitioner's ineffective assistance of counsel claim with respect to presenting evidence of standing during the motion to suppress the evidence obtained from the vehicle search. (ECF No. 17 at 23.) This objection is belied by the text of the Findings and Recommendations (*see* ECF No. 16 at 14–15; *see also id.* at

12–13 (citing, with approval, detailed appellate court analysis of ineffective assistance of counsel claim)) and Petitioner's objection is therefore overruled. Similarly, Petitioner's objection that he was denied an evidentiary hearing with respect to the wiretap evidence (ECF No. 17 at 31–32) is without merit and is overruled. The record reflects Petitioner moved to unseal the records and to suppress evidence obtained as a result of the wiretap, both motions were considered and denied by the trial court (ECF No. 16 at 18–19), and the appellate court reviewed the sealed documents and ruled on the merits of Petitioner's wiretap claim (*id.* at 23–24). Accordingly, Petitioner's objections as to these claims are overruled.

Finally, Petitioner objects to the findings that the trial court's denial of his Motion to Sever and failure to *sua sponte* instruct the jury on the lesser included offenses of voluntary manslaughter and attempted voluntary manslaughter did not rise to the level of constitutional error. (ECF No. 17 at 37–39.) These objections are based on the premise that Petitioner's sentence of life without parole is equivalent to a capital punishment sentence, and therefore Petitioner's case should have been reviewed under the more stringent standards accorded to a "capital case." (*Id*.) To that end, Petitioner relies on the Black's Law Dictionary definition of "capital case or crime" and the case of *Simmons v. South Carolina*, 512 U.S. 154, 157–159 (1994), for his contention that his sentence of life without parole is essentially an "alternative death sentence."[1] (ECF No. 17 at 37–39.) But Petitioner's reliance on these authorities is misplaced. *Simmons* is not dispositive regarding instructions on lesser included offenses nor what constitutes a capital or noncapital case. *See Simmons*, 512 U.S. at 157–159 (discussing whether the instruction pertaining to the sentence of life without possibility of parole may refer to the sentence as "life imprisonment" or must also specify "without the possibility of parole"). And the Black's Law Dictionary definition cited by Petitioner is not on point here.

---

[1] Petitioner quotes the definition of "capital case or crime," as defined in the sixth edition of Black's Law Dictionary as "one in or for which death penalty may, but need not necessarily, be imposed." (ECF No. 17 at 39 (citing *capital case or crime*, BLACK'S LAW DICTIONARY (6th ed. 1990)).) The Court notes more current editions of Black's Law Dictionary do not include a definition for "capital case," but only define "capital crime/offense" as "a crime for which the death penalty may be imposed." *Capital crime/offense*, BLACK'S LAW DICTIONARY (9th ed. 2009.)

3

To the contrary, the relevant legal authorities have held that if a case results in a sentence of life without parole (and not death), the case is a noncapital case. For example, in *Sand v. Superior Court*, a case cited in the Findings and Recommendations (ECF No. 16 at 33), the California Supreme Court conducted a lengthy discussion on the issue of whether a case should be construed as a "capital case" based on the nature of the offense or the nature of the punishment, analyzed related legal precedent and the statutory construction of the 1977 amendments to the death penalty legislation, and determined that the statutes creating special provisions for defendants in "capital cases," taken within the context of the legislative intent behind the death penalty legislation, are meant to apply only to cases in which the death penalty will be sought—and not in cases where the offense charged is statutorily punishable by death but the death penalty will not be sought. *Sand v. Superior Court*, 34 Cal. 3d 567, 570–573 (1983). In *Sand*, as here, the prosecutor stated he would not seek the death penalty but would ask for a sentence of life imprisonment without possibility of parole. *Id.* at 569. And under those circumstances, the court determined the petitioner's case was not a capital case because the death penalty could not be imposed. *Id.; see also Woodson v. North Carolina*, 428 U.S. 280, 305 (stating that the death penalty is fundamentally and qualitatively different from any other punishment, including life without parole); *Turner v. Marshall*, 63 F.3d 807, 818–819 (9th Cir. 1995) ("because the prosecution declined to seek the death penalty, the present case is properly classified as a noncapital case"), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677 (9th Cir. 1999); *United States v. Harper*, 729 F.2d 1216, 1218 & fn. 3 (9th Cir. 1984) (noting the prosecutor may elect to seek the death penalty in particular cases and that this decision triggers the procedural rights that govern the trial); *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990) (case in which the death penalty was sought but not imposed was a noncapital case for the purpose of due process), *cert. denied*, 501 U.S. 1253 (1991); *Rembert v. Dugger*, 842 F.2d 301, 302–303 (11th Cir. 1988) (finding error where trial judge failed to instruct the jury on lesser included offenses was rendered harmless by the imposition of a life sentence instead of death penalty), *cert. denied*, 488 U.S. 969 (1988); *Trujillo v. Sullivan*, 815 F.2d 597, 602 (10th Cir. 1987) (no constitutional right to a lesser included offense instruction warranted where the death

penalty was sought but ultimately not imposed), *cert. denied*, 484 U.S. 929 (1987). Accordingly, based on the extensive authorities noted above, and because he has not identified any clearly established federal law in support of his contention, Petitioner's objections that are derivative to his contention that his case should have been reviewed as a "capital case" are overruled.

For these reasons and the reasons asserted in the Findings and Recommendations (ECF No. 16), Petitioner's objections are overruled, and the magistrate judge's Findings and Recommendations are adopted in full.

B. Certificate of Appealability

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has considered whether to issue a certificate of appealability. Before Petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). For the reasons discussed above and those set forth in the magistrate judge's Findings and Recommendations (ECF No. 16), the Court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed July 31, 2019 (ECF No. 16), are adopted in full;

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;

5

3. The Clerk of the Court is directed to close the case; and

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: October 23, 2019

                Troy L. Nunley
                United States District Judge